**YU YONG ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

No. 04–4489–ag.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Alexander K. Yu, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Peter A. Norling, Licha M. Nyiendo, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

PRESENT: ROGER J. MINER, JOSÉ CABRANES and ROBERT D. SACK, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former attorney general John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Yu Yong Zheng, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, 6 and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA affirms the decision of the IJ without opinion, we review the IJ's decision directly. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 156–58 (2d Cir.2006); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Most of the adverse credibility factors in this case are supported by the record and provide substantial evidence in support of the IJ's overall finding. Zheng was admittedly inconsistent regarding when his wife was forced to undergo an abortion, and the IJ reasonably rejected Zheng's explanation for the inconsistency regarding the dates of his wife's forced abortion. A reasonable fact-finder would not have been compelled to accept Zheng's explanation because he submitted two conflicting abortion certificates, neither of which could verify his explanation. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that this Court will only reverse the IJ's rejection of an explanation if a reasonable fact-finder would have been compelled to accept it). In addition, the IJ reasonably questioned Zheng's veracity because even if he relied on information in one of his supporting documents, he should have independently known when his wife was pregnant and when the abortion occurred. Zheng also testified that his wife has not had any problems with the family planning officials since insertion of the second IUD, despite the unpaid fine. An IJ can reasonably rely on testimony that the applicant's family members remain in their native country unharmed as part of a determination that the applicant does not have a well-founded fear of persecution. *See In re A–E–M–*, 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998).

While we question whether Zheng's ability to obtain government documents while in hiding, and while an outstanding fine remained unpaid, could support an adverse credibility finding in this case, the other factors upon which the IJ relied provide substantial evidence in support of the IJ's ultimate determination. Where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where a reviewing court can "confidently predict" that the IJ would have reached the same conclusion absent the error-based grounds. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006). The non-erroneous factors directly relate to essential elements of Zheng's claims—whether his wife was forced to undergo an abortion in China. Because this Court can confidently predict that the agency would reach the same result absent the error-based factor, the case need not be remanded.

Zheng does not make any arguments in his brief regarding the denial of his CAT claim; it is therefore waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).